UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:04CR-14-R

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

BRENDAN ALLEN SHAW                                                                     DEFENDANT

### MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion to Dismiss Without Prejudice (Docket #95). Defendant has filed a response (Docket #97) to which Plaintiff has replied (Docket #100). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Dismiss Without Prejudice is **GRANTED**.

### BACKGROUND

Defendant was charged with allegations of sexual abuse of a 1-year old child, a 3-year old child, and a 5-year old child via a criminal complaint filed on June 23, 2004. Defendant was subsequently indicted for these charges on July 7, 2004.

On August 27, 2004, Defendant filed a motion to suppress his alleged statements to law enforcement. A two-day suppression hearing was held beginning on September 30, 2004. On January 26, 2005, the Court rendered an Order and Memorandum Opinion denying the motion to suppress.

On May 3, 2005, pursuant to a written plea agreement, Defendant entered a conditional plea of guilty, reserving his right to appeal the denial of the adverse suppression ruling and, in the event he prevailed, to withdraw his plea of guilty.

Defendant was sentenced on July 14, 2005. A timely notice of appeal was filed on behalf of Defendant on July 19, 2005. In *United States v. Shaw*, 464 F.3d 615 (6th Cir. 2006), issued on September 26, 2006, the Sixth Circuit reversed this Court's decision on the motion to suppress. On May 7, 2007, Defendant was released from custody, subject to certain conditions while on bond.

On June 27, 2007, Plaintiff moved to dismiss the Superseding Indictment without prejudice. Defendant responded, arguing that the dismissal should be with prejudice.

## STANDARD

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Rule 48(a) does not specify whether a dismissal shall be with or without prejudice.

## DISCUSSION

The Government filed its Motion to Dismiss the indictment without prejudice under Federal Rule of Criminal Procedure 48(a) based on its belief that it now has insufficient evidence to proceed with the prosecution of the Defendant, due to the Sixth Circuit's reversal of this Court's order denying the Defendant's motion to suppress his written statements. *United States v. Shaw*, 464 F.3d 615 (6th Cir. 2006).

Under Rule 48(a), a court has some discretion to deny the Government's motion to dismiss an indictment, as it must "grant leave" to the Government, but this discretion is limited because "'[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest.'" *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985); citing *United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) ("Under

Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'" (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)))); *see also United States v. Jacobo-Zavala*, 241 F.3d 1009, 1013-14 (8th Cir. 2001); *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) ("the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith"). There is a presumption that the Government's motion is in good faith, and it is the Defendant's responsibility to overcome that presumption "by an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988).

The "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e. g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15. "Rule 48(a) is intended to check the common law power of prosecutors to enter a *nolle prosequi* before jeopardy attaches and then proceed to reindict the defendant on basically the same charges and evidence." *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997) (citing *United States v. Salinas*, 693 F.2d 348, 350-51 (5th Cir. 1982)). Nevertheless, the Court still has very little discretion to deny the Government's motion.

The Defendant does not object to the dismissal of the indictment or the Government's authority to move for that dismissal, but does argue that the Court should grant the motion "with prejudice" instead of "without prejudice." Courts outside this circuit faced with the decision whether to dismiss an indictment with or without prejudice have stated that "dismissal with

3

prejudice is warranted only when prejudice is shown." *United States v. Voll*, 2006 U.S. Dist. LEXIS 45207, *10 (S.D. W.Va. July 3, 2006) (discussing *Goodson*, 204 F.3d at 514). The type of prejudice required is an act by the Government that works to the detriment of the defense. *Id.* at 11.

The Defendant argues that a dismissal without prejudice will violate his Sixth Amendment right to a speedy trial because he will be forced to wait for an indefinite period of time to find out whether or not the Government will choose to file new charges against him.

The Court does not believe a dismissal without prejudice will violate the Defendant's right to a speedy trial. 18 U.S.C. § 3161(h) of the Speedy Trial Act provides:

> (h) The following periods of delay *shall be excluded* in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence...
>
> (6) If the information or *indictment is dismissed upon motion of the attorney for the Government* and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

18 U.S.C. § 3161(h) ( 2007) (emphasis added).

The purpose of this section is to stop any speedy trial clock when the indictment is dismissed without prejudice; if the defendant is ever reindicted, the clock begins again where it left off. See *United States v. Story*, 1997 U.S. App. LEXIS 33161, *5-6 (9th Cir. Nov. 19, 1997). Thus, the period of time, if any, between the dismissal of the indictment and any subsequent charges brought against the Defendant will be excluded in computing time for purposes of a Speedy Trial Act violation.

Second, the statute of limitations for the offenses with which the Defendant was charged

in the indictment will still be running after a dismissal without prejudice. 18 U.S.C. § 3283 provides:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution *during the life of the child*, *or for ten years after the offense*, whichever is longer.

18 U.S.C. § 3283 (2007) (emphasis added).

18 U.S.C. § 3299 provides:

> Notwithstanding any other law, an indictment may be found or an information instituted *at any time without limitation* for any offense under section 1201 [18 USCS § 1201] involving a minor victim, and for any felony under chapter 109A [18 USCS §§ 2241 et seq.], 110 [18 USCS §§ 2251 et seq.] (except for section 2257 and 2257A [18 USCS § 2257 and 2257A]), or 117 [18 USCS §§ 2421 et seq.], or section 1591 [18 USCS § 1591].

18 U.S.C. § 3299 (2007) (emphasis added).

The statutory basis for the charges in the indictment is 18 U.S.C. 2241(c), under Chapter 109A, and 18 U.S.C § 3299 would apply if the Defendant is similarly charged again in the future; there is no statute of limitations at all. If the indictment is dismissed without prejudice, it will be proper for the Government to bring a subsequent indictment against him, if it is supported, as these statutes reflect the public policy of allowing more time to prosecute those charged with offenses against children.

Third, the Court believes that it is within the prosecutor's discretion to refuse to prosecute a case when there is not sufficient evidence to do so, and to delay prosecution until sufficient evidence is amassed. However, this is of course subject to any applicable statute of limitations and the absence of any bad faith or illegal actions on the part of the prosecutor, as discussed above.

Here, the Court sees no evidence of any bad faith on the Government's part, does not

believe that the Government seeks to dismiss the indictment for an unlawful reason, and does not find dismissal "clearly contrary to manifest public interest." See *Romero*, 360 F.3d 1248; *Goodson*, 204 F.3d at 512.  Instead, the Government's decision to dismiss the indictment is sound and reasonable.  Due to the Sixth Circuit's reversal of this Court's order denying the Defendant's motion to suppress his written confessions, the Government now has insufficient evidence to properly prosecute the Defendant under the indictment.

Dismissing the indictment based on insufficient evidence will benefit every party involved and prevent a waste of the judicial system's resources.  The underlying counts of the indictment allege serious offenses regarding the sexual abuse of young children.  Several years have passed since these charges were brought against the Defendant; the children are older and circumstances have likely changed.  Without proper evidence to prosecute the case, it is in the best interest of the children and their family to dismiss the indictment so that they might avoid rehashing the alleged events, where even the Government concedes the case against the Defendant currently has little support.

Further, the Court finds the Defendant has failed to rebut the presumption of the Government's good faith.  *Welborn*, 849 F.2d at 983.  The Defendant argues that this case has been pending for over three years, and during that time the prosecution should have been collecting admissible evidence against him, if such existed.  However, from June 23, 2004, when this case was filed in this Court, until July 19, 2005, when the Defendant filed his notice of appeal, the Government's case was predicated on the Defendant's written statements describing his alleged acts. The Defendant entered a guilty plea and was convicted, so while the parties awaited the Sixth Circuit's ruling the Defendant was properly incarcerated due to that

6

conviction, and the Government had no reason to continue 'collecting evidence' during that time. The judgment of the Sixth Circuit Court of Appeals was rendered over a year later on September 26, 2006, but was not filed in this Court until February 12, 2007.

The Court finds that this situation merits a dismissal without prejudice. The Government does not have an improper purpose; it just does not currently have enough evidence to continue with this prosecution. The Government is not trying to gain a tactical advantage or escape from a position of less advantage. *United States v. Palomares*, 119 F.3d 556, 559 (7th Cir. 1997) (discussing *Salinas*, 693 F.2d 348). For example, in *Palomares*, the court found that the district court's decision to grant leave to the Government to dismiss the indictment without prejudice was proper because the Government's motion was premised on the fact that it had repeatedly tried but could not locate its essential witness, and thus had little evidence. *Id.* The Court concluded that the Government was not trying to gain a tactical advantage and did not pursue its motion in bad faith. *Id.* This is analogous to the situation at hand.

Therefore, the Court finds that there is no affirmative reason to believe that the Rule 48(a) Motion to Dismiss filed by the Government was motivated by considerations contrary to the public interest and it will grant the Government's motion to dismiss without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss Without Prejudice is **GRANTED.** An appropriate order shall issue.